```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

**v.**                                      Crim. Action No. 1:24-CR-42
                                                        (Kleeh)
**STEVEN DAVID SEEGER,**

      **Defendant.**

**ORDER DENYING DEFENDANT'S MOTION TO
RECONSIDER DETENTION [ECF NO. 17]**

Pending before the Court is Defendant Steven David Seeger's *Motion for Review of Order Granting Detention* [ECF No. 17]. Mr. Seeger was arrested on July 15, 2024, in the Eastern District of California. On the same day, Defendant made his initial appearance and the Government moved to detain. ECF No. 22. Following a detention hearing, Magistrate Judge Chi Soo Kim granted the Government's motion to detain and detained Defendant pending further proceedings in the Northern District of West Virginia. Id. Defendant now moves for this Court – the charging court – to reconsider the issue of detention and release Defendant on pretrial supervision. ECF No. 17. Defendant's Motion notes that Defense Counsel did not have access to the specific findings made during

**ORDER DENYING DEFENDANT'S MOTION TO**
**RECONSIDER DETENTION [ECF NO. 17]**

the detention hearing in the Eastern District of California. ECF No. 17.[1] The Government opposes Defendant's Motion. ECF No. 22.[2]

The Court had a hearing and took up the parties' arguments on August 20, 2024. The Court advised the parties that it would take Defendant's motion under advisement and would enter a ruling following the hearing based on the parties' briefings, oral arguments, and the pretrial services reports.

## I.   LEGAL STANDARD

Title 18 United States Code § 3145 (b) provides: "If a person is ordered detained . . . by a person other than a judge of a court having original jurisdiction over the offense . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145 (b). "When a defendant seeks such review, the Court is bound to review the matter de novo and arrive at its own conclusion regarding the propriety of detention." United States v. Fernandez, No. 1:17CR71-3, 2018 WL 9815616, at *2 (N.D.W. Va. Jan. 8, 2018) (citing United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989)).

---

[1] The Court notes that the *Order of Detention Pending Trial* is available on the docket at ECF No. 8-2.
[2] The Government attached the transcript from Defendant's initial appearance, including the detention hearing, to its response in opposition to Defendant's Motion. See ECF No. 22-1.

## II. DISCUSSION

Title 18 United States Code § 3142(e)(3) states:

> it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed ... an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

This Court finds that a rebuttable presumption, as set forth in § 3142(e)(3), does arise in this case. The grand jury found that there was probable cause that the defendant committed offenses of (1) coercion and enticement of a minor for sex, in violation of Title 18, United States Code, Section 2422(b); (2) production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); (3) solicitation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(3)(B) and (b)(1); (4) production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and (5) possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). [ECF 1]. That means a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Notwithstanding that presumption, this Court must

consider available information under the factors set forth in 18 U.S.C. § 3142(g).

In determining whether the presumption is rebutted, this Court considers the factors set forth in 18 U.S.C. § 3142(g). The Court considers the following four factors "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Id.

Defendant argues that the Court should revoke the Eastern District of California's detention order because he contends his initial appearance and arraignment was "strange" and that Defendant did not expect his first appearance to be in California. In support of his client's release on bond, Defense Counsel asserts that Defendant is not a flight risk and has a minimal criminal history. Barring the charges at issue, Defense Counsel asserts that Defendant is not a threat to the community. Furthermore, Defendant's employer is prepared to keep him employed if he is

released. Defendant contends that the terms of pretrial release can be adjusted to accommodate any concerns of flight – including handing over his passport and computer monitoring.

The Government disagrees. First, the Government contends Defendant is subject to the presumption for detention because the charged offenses involve a minor victim under 18 U.S.C. §§ 2251, 2252A(a)(3), and 2422, and Defendant cannot rebut the presumption. ECF No. 22 at pp. 5-7. The Government argues Defendant is a danger to the community because the charges involve allegations of sexual exploitation of minors and images of child pornography and Defendant attempted to purchase a firearm after his were seized in March 2021. Id. at p. 6. The Government argues Defendant is a risk of flight because, according to his wife, he moved to Lake Tahoe in May 2024 in hopes that law enforcement would stop investigating him. Id. Additionally, Defendant sold his marital home for $1.2 million dollars, indicating he could have the financial means to flee.

The Government expressed further concern with releasing Defendant on pre-trial release because Defendant has an outstanding arrest warrant from Texas involving criminal allegations tied to one of the victims in this case. Id. at p. 7.

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER DETENTION [ECF NO. 17]**

Upon arguments of the parties, as well as review of record, the Court **FINDS** that Defendant's detention is proper. While Defendant contends his recent move across the country was to be closer to his father and pursue new job opportunities, these reasons do not overcome the presumption of detention. Defendant's financial means to flee and references to traveling to Japan or fleeing to the Philippines, even in jest, are inappropriate given the charges at issue and the pending charges in Texas. These factors support that Defendant poses a danger to the community and an elevated risk for nonappearance.

Accordingly, Defendant has failed to overcome the rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community, and the 18 U.S.C. § 3142(g) factors warrant detention. Thus, Defendant Steven David Seeger's *Motion for Review of Order Granting Detention* [ECF No. 17] is **DENIED** and the Detention Order [ECF No. 8-2] is **AFFIRMED**. The Court **ORDERS** that Defendant remain detained pending trial.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel, the Office of Probation, and the United States Marshals Service.

**ORDER DENYING DEFENDANT'S MOTION TO
RECONSIDER DETENTION [ECF NO. 17]**

```
DATED: September 10, 2024
```

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA