FILED

MAY 12 2025

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301



**United States Department of Justice**

***RANDOLPH J. BERNARD***
*Acting United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

April 10, 2025

Thomas G. Dyer, Esq.
Dyer Law
349 Washington Avenue
P.O. Box 1332
Clarksburg, WV 26302-1332

    RE: *United States v. Steven Seeger* (1:24-CR-42)
         *Conditional Plea Agreement Amended 5/6/25*

Dear Mr. Dyer:

    This will confirm conversations with you concerning your client, Steven David Seeger, (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Defendant will plead guilty to **Count One** charging **Coercion and Enticement of a Minor for sex**, in violation of Title 18, United States Code, Section 2422(b), and Defendant will plead guilty to **Count Four** charging **Production of Child Pornography**, in violation of 18 U.S.C. § 2251(a) and (e).

    2.    The statutory maximum penalty to which Defendant will be exposed by virtue of his plea of guilty to Count One is imprisonment for a period not less than 10 years and not more than Life, a fine of $250,000.00, and a term of at least 5 years and up to a lifetime of supervised release.

    The statutory maximum penalty to which Defendant will be exposed by virtue of his plea of guilty to Count Four is imprisonment for a period not less than 15 years and not more than 30 years, a fine of $250,000.00, and a term of at least 5 years and up to a lifetime of supervised release.

_____       5-12-25
Steven Seeger                                        Date
Defendant

_____       5/12/25
Thomas Dyer, Esq.                             Date
Counsel for Defendant

                                               5/12/25

It is further understood by Defendant that there is a special mandatory assessment of $200.00 (18 U.S.C. § 3013), **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

If determined to be applicable as a matter of law, Defendant is aware that, unless he is determined to be indigent, he will be required to pay an additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, Title 18, United States Code, Section 3014(a)(3) and up to $50,000.00 for Amy, Vicky, and Andy Child Pornography Assistance Act under Title 18, United States Code, Section 2259.

3. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to a binding condition that each count shall run concurrent to one another and the sentence shall be capped at 30 years. The parties understand that if the Court does not accept the binding provisions of this paragraph, then Defendant will have the right to withdraw his plea of guilty.

4. Defendant will be completely forthright and truthful with regard to all inquiries made of him and he will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

5. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 5, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 4 above.

_____          _5-12-25_
Steven Seeger                       Date
Defendant

_____          _5/12/25_
Thomas Dyer, Esq.                   Date
Counsel for Defendant

                                    _5/12/25_

-2-

6. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be so, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also move to dismiss the remaining counts of the indictment; however, should this matter be remanded for new trial, the dismissed counts will be reinstated.

7. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency or Defendant's counsel as to what the final disposition is this matter should and will be. This agreement includes a binding recommendation by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

8. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. Plea Agreement expires upon notification of the District Court's ruling on the suppression motions, which occurred on April 16, 2025; however, the parties amended the relevant conduct stipulation and if the plea is executed by May 12, 2025, it is agreeable to the Government but is not considered timely acceptance.

   C. The United States will recommend a term of imprisonment of at least fifteen years, but not more than thirty years.

9. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

10. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree as follows:

On March 29, 2021, West Virginia State Police (WVSP) received a lead that Defendant was involved in an online relationship with a minor. The lead noted that Defendant exercised ownership over the minor, even enticing her to send nude photographs of herself to him using computer. On March 29, 2021, West Virginia State Police executed a search at Defendant's residence located at

Steven Seeger
Defendant

Thomas Dyer, Esq.
Counsel for Defendant

Date 5-12-25

Date 5/12/25

Date 5/12/25

- 3 -

310 Hilltop Drive, Bruceton Mills, WV. Defendant was interviewed during the search of his residence, and said he received videos from the minor, but she was lying about her age and he deleted the images and never asked for more until she was 18.

The WVSP Digital Forensic Lab (WVSP DFL) located images, video, and conversations on two of the items seized from Defendant that contained child sexual abuse material (CSAM). On Defendant's Silver Apple Macbook was a 34-second video created on June 25, 2013, at Defendant's demand of Jane Doe – 1 masturbating utilizing a Crayola marker. On the Black LG Nexus smartphone there were 50 images of child sexual abuse material, 2 videos of child sexual abuse material, and 11 images of child erotica. The images were linked to conversations that Defendant was having with two minor females ~~who clearly identified themselves as minors~~. WVSP DFL analysis established the devices contained images and videos of minor females performing masturbation, applying clotheslines to their nipples and labia, writing "Stevens Slut" on their abdomens, and general nude images identified as child erotica. One such video produced at Defendant's enticement is 1 minute and 5 seconds and depicts Jane Doe – 2 masturbating with her fingers with the camera close to her genitals before ending by capturing her face. The visual depictions produced at Defendant's enticement were produced knowing they would be transmitted in interstate commerce by computer from the minors to Defendant. ~~The chat communications tied to the images established Defendant knowledge they were minors and he in fact enticed them for more.~~

All offense conduct was committed within the Northern District of West Virginia and elsewhere.

These are the only facts to which the parties agree, and any other facts relative to the nature and circumstances of the offense may be argued by the parties at sentencing.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

11.    Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

   A. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

_____    5-12-25
Steven Seeger                Date
Defendant

_____    5/14/25
Thomas Dyer, Esq.            Date
Counsel for Defendant

                             5/13/25

-4-

B. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C. The Defendant knowingly and expressly waives the right to challenge the conviction or the sentence which is within the binding range of imprisonment, not less than 15 and not more than 30 years, or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

D. The Defendant reserves a limited ability to appeal adverse rulings on his motions to suppress.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for any sentence within the binding range of imprisonment, not less than 15 nor more than 30 years. The United States waives its right to appeal any sentence within the binding range of imprisonment. Both parties have the right during any appeal to argue in support of the sentence.

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

13. The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C.

_____  
Steven Seeger  
Defendant  

_____  
Thomas Dyer, Esq.  
Counsel for Defendant  

Date: 5-12-25

Date: 5/12/25

Date: 5/12/25

-5-

§ 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

14. The defendant understands that he will be required to pay restitution to victims Jane Doe 1 and Jane Doe 2, and by agreement he will pay restitution to KD (identified in the discovery), who shall be considered a victim, with a right to be heard, of Defendant's uncharged conduct in an amount to be determined by the Court at sentencing, or at a separate hearing on the issue of restitution within (90) ninety days of sentencing, pursuant to 18 U.S.C. §§ 3663 & 3663A. The defendant further understands that he will be required by the Court to pay restitution in the amount of at least $3,000 to victims Jane Doe 1, Jane Doe 2, and KD, and who specifically requests restitution prior to sentencing, and who can show proof of losses. 18 U.S.C. §2259(b)(2)(B) [Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018].

15. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the binding range of imprisonment set forth by this agreement.

If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to void this Agreement.

_____   5-12-25
Steven Seeger             Date
Defendant
                          6/.2/25
_____ Date
Thomas Dyer, Esq.
Counsel for Defendant
                          5/12/25

- 6 -

16.     Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to their forfeiture. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the foregoing specified property, which is property used or intended to be used to commit or to promote the commission of such offense, or is a visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or is any book, magazine, periodical, film, videotape, or cellular phone or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18: images, DVDs, and electronic devices seized from the defendant, including:

Blue WD My Passport Ultra, S/N: WX11A64AHRR7;
Black WD My Passport, S/N: WX91A92N2294;
16 GB Sandisk Ultra;
Black LG Nexus Model # LG-E960 cellular phone;
Samsung S21 Ultra cellular phone in Blue Otterbox; and
Silver Apple Macbook, S/N: W86450CGW0M
Hitachi 100GB Travelstar SATA Hard Drive, S/N MPDZP7Y0H46DGL

Defendant warrants that he is the owner of all property seized in this investigation and understands that the property will be forfeited and destroyed. Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

17.     Defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of Defendant's employment; and, if the defendant is a student, the location of Defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The

_____          _____
Steven Seeger                       Date
Defendant

_____          _____
Thomas Dyer, Esq.                   Date
Counsel for Defendant

-7-

defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

18. The above 17 paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.

Very truly yours,

RANDOLPH J. BERNARD
Acting United States Attorney

By: Kimberley D. Crockett
Assistant United States Attorney

*As evidenced by my signature at the bottom of the 8 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.*

Steven Seeger
Defendant

Thomas Dyer, Esq.
Counsel for Defendant

Date 5-12-25

Date 6/12/25

5/12/25

- 8 -